UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN RENCK,

    Plaintiff,

vs.

GREG NOVAK, et al.,

    Defendants.

Case No. 3:19-CV-00622-RCJ-CLB

**ORDER**

Plaintiff brought this case in state court against four state officers and one state agency (State Defendants) and one federal officer (Defendant Novak). Defendant Novak removed this case under 28 U.S.C. § 1442(a)(1), and State Defendants moved to remand based on sovereign immunity. Torn between these absolute rights, the Court remands the claims against State Defendants but retains the claims against Defendant Novak.

**FACTUAL BACKGROUND**

In his complaint, Plaintiff alleges the following: In August 2018, he was involved in a vehicular accident causing him significant injuries. (ECF No. 1 Ex. A.) The accident occurred on Interstate 11 in Nevada near Boulder City. (*Id.*) The interstate was undergoing construction with insufficient safety precautions including inadequate signage. (*Id.*) Compounding the problem, the

1  GPS mapping services were misdirecting traffic. (*Id.*) Defendants could have prevented the
2  accident if they undertook "a reasonable amount of controls" and issued advisories, but they failed
3  to do so. (*Id.*) Defendants have a duty to "oversee and implement responsible safety precaution
4  and procedures necessary to ensure the safe travel on" interstates in Nevada. (*Id.*) Plaintiff seeks
5  monetary damages but does not request injunction relief. *(Id.)*

6  Based on these allegations, Plaintiff claims that Defendants are liable without specifying
7  any cause of action under federal or state law. (*Id.*) Defendant Novak then invoked 28 U.S.C.
8  § 1442(a)(1) to remove this action to this Court as he was sued in his official capacity as a federal
9  officer. (ECF No. 1.) All State Defendants moved for remand based on sovereign immunity but do
10 not challenge the legitimacy of the removal of Defendant Novak. (ECF No. 6; ECF No. 7; ECF
11 No. 20.)

## LEGAL STANDARD

13 Absent consent, state agencies enjoy immunity from suit under the Eleventh Amendment.
14 *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Sovereign immunity is not
15 merely a defense . . . but a jurisdictional bar." *Powelson v. United States*, 150 F.3d 1103, 1104 (9th
16 Cir. 1998) (quoting Moore et al., Moore's Federal Practice ¶ 105.21 (3d ed. 1998)). However,
17 where the complaint names only individuals, not agencies or the state, "a question arises as to
18 whether that suit is a suit against the State itself." *Powelson*, 150 F.3d at 101. In answering this
19 question, a court must determine whether "the state is the real, substantial party in interest." *Id.*
20 (quoting *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945)).

21 ///
22 ///
23 ///
24 ///

## ANALYSIS

State Defendants have filed three separate motions for remand,[1] which all argue that state sovereign immunity under the Eleventh Amendment protects them from suit in federal court. The difficulty in deciding this question in the instant case is that while Plaintiff names multiple individual defendants in the caption, he does not discuss those individuals in the complaint and instead only discusses the responsibilities of the various agencies. On the other hand, Plaintiff does not request injunctive relief, only damages, which would point towards suit of individuals, not agencies. Nevertheless, given the lack of factual information regarding the named defendants, the Court construes Plaintiff's complaint as bringing claims against the Nevada agencies: the Nevada Department of Transportation and the Nevada Highway Patrol.[2] As these agencies enjoy sovereign immunity, and the State of Nevada had not waived that immunity, *see* NRS 41.031(3), the Court does not have jurisdiction over those defendants and must remand these claims against them.

However, another issue confronts the Court. Section 1442(a)(1) provides Defendant Novak an absolute right to removal, *Willingham v. Morgan*, 395 U.S. 402, 406 (1969), but sovereign immunity provides State Defendants an absolute right to remand, *Powelson*, 150 F.3d at 1104. Facing these competing rights, the Court finds that remanding the claims against State Defendants and retaining the claims against Defendant Novak is necessary. While uneconomical, such bifurcation is necessary to protect the rights of the parties. Further, the Ninth Circuit has approved remanding particular claims to state court when the Eleventh Amendment bars federal review. *Gamboa v. Rubin*, 80 F.3d 1338, 1350 (9th Cir.1996).

---

[1] Three State Defendants sought remand in the alternative to dismissal for improper service, failure to state a claim, and immunity. (ECF No. 20.) However, the Court must address subject-matter jurisdiction before merits. *Sinochem Int'l Co. Ltd. v. Malaysia Shipping Corp.*, 549 U.S. 422, 431 (2007).

[2] Allegedly, an amended complaint filed with the State Court, but not with this Court, added an additional state defendant from the Nevada Attorney General's Office. (ECF No. 7 at 2:15–20.) However, the Court addresses only the complaint that has been removed and is before it.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motions to Remand (ECF No. 6; ECF No. 7) are GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss or Remand (ECF No. 20) is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that all claims against state defendants shall be remanded to the First Judicial Circuit Court of Carson City, Nevada.

IT IS SO ORDERED.

Dated May 20, 2020.

_____
ROBERT C. JONES
United States District Judge