**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

STEVEN RENCK,

   Plaintiff,

vs.

GREG NOVAK,

   Defendant.

Case No. 3:19-CV-00622-RCJ-CLB

**ORDER**

Defendant moves to dismiss the case for lack of subject-matter jurisdiction based on sovereign immunity and for failure to state a claim. Finding numerous but potentially curable deficiencies with the complaint, the Court dismisses the claims against Defendant with leave to amend.

**FACTUAL BACKGROUND**

In his complaint, Plaintiff alleges the following: In August 2018, he was involved in a vehicular accident causing him significant injuries. (ECF No. 1 Ex. A.) The accident occurred on Interstate 11 in Nevada near Boulder City. (*Id.*) The interstate was undergoing construction with insufficient safety precautions including inadequate signage. (*Id.*) Compounding the problem, the GPS mapping services were misdirecting traffic. (*Id.*) Defendant could have prevented the accident

if he undertook "a reasonable amount of controls" and issued advisories, but he failed to do so. (*Id.*) Defendant has a duty to "oversee and implement responsible safety precaution and procedures necessary to ensure the safe travel on" interstates in Nevada. (*Id.*) Plaintiff seeks monetary damages but does not request injunction relief. (*Id.*)

Based on these allegations, Plaintiff claims that Defendant is liable without specifying any cause of action under federal or state law. (*Id.*) Defendant moves to dismiss the case under Rule 12(b) for a lack of subject-matter jurisdiction based on sovereign immunity and for failure to state a claim.

## LEGAL STANDARD

***I.     Fed. R. Civ. P. 12(b)(1)***

"Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Therefore, claims that sovereign immunity has not been waived fall under Fed. R. Civ. P. 12(b)(1). When filing a motion to dismiss under Rule 12(b)(1), a party may attack subject-matter jurisdiction either facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack is analyzed using a standard similar to that used in a Rule 12(b)(6) motion—the Court analyzes jurisdiction from the face of the complaint and accepts all facts alleged as true. *Id.* In the case of a factual attack, the Court may review evidence and make findings of fact regarding jurisdiction without converting the motion into a motion for summary judgment. *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). If a court determines that it lacks subject-matter jurisdiction, then its authority is limited to making that finding and dismissing the claims. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Finally, "jurisdictional questions ordinarily must precede merits determinations in dispositional order." *Sinochem Int'l Co. Ltd. v. Malaysia Shipping Corp.*, 549 U.S. 422, 431 (2007).

///

## II. Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Nor must a court accept formulaic recitations of a cause of action with conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) Instead, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must also provide enough facts that the court can determine whether there is any basis for relief under the legal theory specified or implied, assuming the facts are as alleged.

Upon granting a motion to dismiss, a court must then determine whether to allow leave to amend the complaint. Leave to amend should be granted unless "amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990)). That is, dismissal without leave to amend is appropriate only where "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture*

*Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)).

## ANALYSIS

Defendant Novak's motion to dismiss provides five arguments as to why Plaintiff's complaint should be dismissed. The Court addresses each of these arguments in turn, finding that deficiencies in the complaint require dismissal, but granting leave to amend as such amendment is not clearly futile.

### I.   *Plaintiff did not demonstrate waiver of sovereign immunity*

For suit against the federal government to be proper, the United States must "unequivocally express[]" waiver of sovereign immunity and consent to the action. *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007). A plaintiff bears the burden of demonstrating waiver of sovereign immunity—generally by pointing to a statute which expressly grants waiver for the type of claim being brought. *See, e.g.*, *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Here, Plaintiff's complaint does not identify any such statute.

Plaintiff's response to the motion to dismiss identifies the Federal Tort Claims Act (FTCA) as at least one basis for his claim. (ECF No. 13 at 2:14–3:3.) However, any claim brought under the FTCA may only be brought against the United States itself, not the involved agencies or federal officials. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). Therefore, Plaintiff's amended complaint, if he chooses to file one, should name the United States as the federal defendant, not Mr. Novak or the Federal Highway Administration. Additionally, Plaintiff must identify the specific statute which waives the sovereign immunity of the United States.

### II.   *Plaintiff fails to identify the relevant cause of action*

A complaint must set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), the purpose of which is to "give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Twombly*, 550 U.S. at 563. Here, Plaintiff files what he labeled as a "Personal Injury Claim," (ECF No. 1 Ex. A), but does not identify the underlying common-law or statutory basis for his claim. This is insufficient to provide proper notice of either claims or grounds for them to a plaintiff.

### III. *Defendant Novak is not a proper party to the case*

If Plaintiff is bringing a tort claim under the FTCA, then Defendant Novak is correct that he is not a proper party to the case, as discussed above. However, this issue can also be resolved by amending the complaint to place the correct party, the United States, as the federal defendant. On the other hand, dismissal with prejudice of Defendant Novak, in his individual capacity, is not appropriate because any amended complaint may contain a claim to which Defendant Novak is the appropriate party. It is simply impossible to determine until Plaintiff has identified the specific claims and their grounds.

### IV. *Plaintiff failed to exhaust administrative remedies*

A plaintiff bringing a tort claim under the FTCA must exhaust administrative remedies prior to filing such claim in federal court. 28 U.S.C. § 2675(a). Defendant Novak is correct that Plaintiff has not, as he must, affirmatively alleged in the complaint that such exhaustion has occurred.

Prior to filing a claim in federal court, a plaintiff must file a claim with the appropriate federal agency. Such a claim must be filed within two years of the date of accrual, which may be the date on which the vehicular accident occurred or the date on which Plaintiff learned of his injuries allegedly caused by the accident, whichever is earlier. If the agency denies Plaintiff's administrative claim, Plaintiff then has six months from the date on which written denial is mailed to him to file a complaint in federal court, should he wish to do so. If the agency does not respond

to Plaintiff's claim, he has one year after the date on which he filed the administrative claim to file a complaint in federal court, should he wish to do so.

### V.     *Complaint fails to state a claim for relief*

The analysis for this defense is the same as that for the defense that Plaintiff failed to identify the relevant cause of action, and with the same result—Plaintiff's amended complaint, should he choose to file one, must identify the specific claim and grounds under which that claim is brought. Further, Plaintiff must explicitly identify each element of any claim proffered and provide facts demonstrating that the element has been satisfied.

### VI.    *Leave to Amend*

When dismissing a complaint, a court should grant leave to amend unless amendment would be futile—that is, "that the complaint could not be saved by any amendment." *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). Here, it is not clear that granting leave to amend would be futile, therefore leave to amend is granted in accordance with the instructions above.

///

///

///

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Novak are DISMISSED WITH LEAVE TO AMEND.

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint complying with the instructions in this Order once he has exhausted his federal administrative remedies.

IT IS FURTHER ORDERED that Plaintiff's Motion/Letter for Case Status (ECF No. 30) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated May 20, 2020.

_____
ROBERT C. JONES
United States District Judge