UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN RENCK, | ) | Case No.: 3:19-CV-00622-RCJ-CLB |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| GREG NOVAK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On September 8, 2022, the Court issued a notice of intent to dismiss for want of prosecution pursuant to Local Rule 41-4. (ECF No. 33). The notice informed Plaintiff Steven Renck ("Renck") that "If no action is taken in this case by 5:00PM, September 6, 2022, the Court shall enter an order of dismissal for want of prosecution. To date, Renck has failed to comply with the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of

complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Renck to respond to the notice of

intent to dismiss expressly stated "If no action is taken in this case by 5:00PM, September 6, 2022, the Court shall enter an order of dismissal for want of prosecution." (ECF No. 33).

IT IS ORDERED that this action is DISMISSED based on Plaintiff's failure to comply with the Court's Notice of Intent to Dismiss for Want of Prosecution (ECF No. 33).

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATED: November 1, 2022.

_____
ROBERT C. JONES
United States District Judge